UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor,<br><br>          Plaintiff,<br>   v.<br><br>**K & G ENTERPRISES, INC., d/b/a WACKER STUCCO**, a corporation,<br>**KARL ENZLER,** an individual,<br><br>          Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: 07-3671 (RHK/JSM)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, ("Plaintiff") having filed her complaint and Defendants, **K & G ENTERPRISES, INC., d/b/a WACKER STUCCO**, a corporation, and **KARL ENZLER,** an individual, (hereinafter "Defendants"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this judgment without contest;

**NOW**, therefore, upon motion of attorneys for Plaintiff and Defendants, and for cause shown, it is hereby:

**ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq*.)(hereinafter "the Act"), that the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, are hereby, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

**I**

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which they are employed.

**II**

Defendants shall not withhold payment of $ 29,082.52, which represents the unpaid overtime compensation and pre-judgment interest at the rate of four percent hereby found to be due for the period from April 1, 2004 through March 31, 2006, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.  The provisions of this paragraph shall be deemed satisfied by Defendants delivering to the Plaintiff's representative, within seven days of the Court's issuance of this Judgment, the following:

   **A.**   A schedule, in duplicate, showing the name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employee's share of social security and withholding taxes, the total net amount of back wages, and pre-judgment interest due for each employee named in Exhibit A, attached hereto and made a part hereof.  Said deductions shall be paid by defendants to the appropriate State and Federal revenue authorities; and

     **B.**  Separate checks for each employee named in Exhibit A made payable to the order of the employee of "Wage and Hour Div., Labor," as alternative payees (*e.g.*, "PAY TO THE ORDER OF JANE DOE or WAGE AND HOUR DIV., LABOR") and equal to the net amount of back wages due employees, after deducting the amount of legal deductions as listed on the schedule referred to hereinabove in subparagraph II(A) above, and the pre-judgment interest, as listed opposite their names in the attached Exhibit A.

### III

Plaintiff shall distribute the checks referred to in paragraph II(B) above to the persons named in Exhibit A hereof, or to their estates if that be necessary, and any money not so paid because of inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of the Court, who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

### IV

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such

employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**V**

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

Dated      April 25      , 2008.


s/Richard H. Kyle
**RICHARD H. KYLE**
United States District Court Judge


| | |
|---|---|
| **K & G ENTERPRISES, INC., d/b/a WACKER STUCCO**, and **KARL ENZLER** | **GREGORY F. JACOB** Solicitor of Labor |
| | **JOAN E. GESTRIN** Regional Solicitor |
|  s/ Karl Enzler          **KARL ENZLER**, as President and Owner of **K & G ENTERPRISES, INC.** and as an individual | |
| s/ Douglas P. Seaton         **DOUGLAS P. SEATON** **JON S. OLSON** | s/ Linda J. Ringstad         **LINDA J. RINGSTAD** |
| Attorneys for Defendants | Attorneys for **ELAINE L. CHAO,** Secretary of Labor, U.S. Department of Labor, Plaintiff |
| Seaton, Beck & Peters, P.A. 7300 Metro Blvd., Suite 500 Minneapolis, MN  55439 Telephone No.: 952-896-1700 DSeaton@seatonlaw.com JOlson@seatonlaw.com | Office of the Solicitor U.S. Department of Labor 230 South Dearborn St., Rm. 844 Chicago, Illinois 60604 Telephone No.:  312-353-3668 ringstad.linda@dol.gov |